IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY HURT,

   Plaintiff,

v.                                             Civil Action No.:  DKC-21-258

STATE OF MARYLAND,
DISTRICT OF COLUMBIA,

   Defendants.

**MEMORANDUM OPINION**

The court received the above-captioned complaint on January 28, 2021, from Plaintiff Ray Hurt, a prisoner incarcerated at North Branch Correctional Institution in Cumberland, Maryland. Mr. Hurt also filed a motion to proceed *in forma pauperis*, ECF No. 2, which the court now grants.

The complaint in its entirety reads as follows:

> "Eighth Amendment Claim:  State of Maryland and District of Columbia have evidence to attest that Defendant is inhabited bodily by extraterrestrials and that he is god – people of the world cannot think about issues correctly because of Defendant's incarceration, and Defendant provides as evidence for these things, affidavits written by the judges of this court U.S. Courthouse, Maryland."

ECF No. 1 at 3.[1]  Although captioned as a complaint, Mr. Hurt seeks release from prison and erasure of his criminal record, relief that is available only through a petition for writ of habeas corpus.  *Id*. at 4.  Additionally, Mr. Hurt asks that "NASA and SETI [be] contacted to offer ability to offer resources to Defendant as is required by NASA and SETI.  And same thing provided to girl who's (sic) alias is The Caterpillar; found on the White 1."  *Id*.

---

[1] No attachments to the complaint purporting to be the evidence promised were received from Mr. Hurt.

Whether the pleading is construed as a complaint pursuant to 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the claim asserted is meritless and the action must be dismissed.  This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  See *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  "The purpose of the PLRA was not . . . to impose indiscriminate restrictions on prisoners' access to the federal courts," but "'to curb the *substantively meritless* prisoner claims that have swamped the federal courts.'"  *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009) quoting *Shane v. Fauver,* 213 F.3d 113, 117 (3d Cir. 2000) (emphasis in original).

The instant complaint is frivolous.  Factually frivolous claims involve "allegations that are fanciful, fantastic, and delusional.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted).  To determine if a claim is frivolous, the court may "apply common sense." *Nasim v. Warden, Md.*

*House of Correction,* 64 F.3d 951, 954 (4th Cir. 1995) (en banc).  Here, Mr. Hurt's claim that he is "inhabited bodily by extraterrestrials" is the sort of fanciful allegation that qualifies as frivolous and for which no cogent response may be formulated.

Mr. Hurt has received a "strike" under the provisions of 28 U.S.C. § 1915(g) in a prior case filed in this court.  *See Hurt v. Fourth Cir. Court of Md., et al.*, Civil Action PWG-16-2506 (D. Md. 2016) at ECF No. 6 (Order dismissing and issuing a strike).  The dismissal of this action constitutes another strike.  Mr. Hurt is forewarned that his right to file an action in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, he will not be permitted to file an action *in forma pauperis* unless" he can establish that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous or malicious and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).  A separate order follows.

February 4, 2021                                          /s/
                                                          DEBORAH K. CHASANOW
                                                          United States District Judge